# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUSAN GUIHER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV322 LG-RHW** |
| | § | |
| **CUSTOM WOODWORKS, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [8] filed by the Defendant, Custom Woodworks, Inc. The Plaintiff has not filed a response. After due consideration of the Motion, record, and the relevant law, it is the Court's opinion that the Defendant has shown there is no question of material fact for the jury and that it is entitled to judgment as a matter of law. Accordingly, the Motion will be granted.

### DISCUSSION

Plaintiff Susan Guiher was injured in a collision between her bicycle and a vehicle driven by Ron Newcomb. She filed suit against Newcomb, individually, in Circuit Court of Pearl River County, Mississippi. The case was removed to this Court, where summary judgment was granted in favor of Newcomb on the issue of his negligence. *Guiher v. Newcomb*, No. 1:07cv691-LG-JMR, Memo. Opinion, Oct. 3, 2008 (S.D. Miss.). The Court's judgment was appealed, and the Fifth Circuit Court of Appeals affirmed.[1]

While the case against Newcomb was on appeal, Guiher filed another civil complaint against Custom Woodworks, Inc. in the Circuit Court of Pearl River County, Mississippi. The

---

[1] "[w]e agree with the district court that none of Guiher's theories can survive the motion for summary judgment." *Guiher v. Newcomb*, 2009 WL 2573526, No. 08-61017, slip op. at 1 (5th Cir. Aug. 21, 2009).

case was removed to this Court. This Complaint alleges that the accident in question occurred while Ron Newcomb was employed by Custom Woodworks and that Custom Woodworks was vicariously liable for any and all injuries to the plaintiff, Guiher. Among the defenses raised by Custom Woodworks in its Answer was res judicata. Custom Woodworks now seeks summary judgment on res judicata grounds, contending that Guiher will be unable to show that Custom Woodworks is vicariously liable for negligence of its employee Ron Newcomb, since that courts have already held that Newcomb as not negligent.

The Legal Standard:

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Guiher has not submitted any argument or evidence in opposition to Custom Woodworks' Motion. Nevertheless, Custom Woodworks has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Res Judicata:

Claim preclusion, or "pure" res judicata, is appropriate only if four conditions are satisfied. First, the parties in a later action must be identical to (or at least be in privity with) the

parties in a prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits. *Vines v. Univ. of La. at Monroe,* 398 F. 3d 700, 704-05 (5th Cir. 2005). If these conditions are satisfied, claim preclusion prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action. *In re Howe,* 913 F.2d 1138, 1144 (5th Cir. 1990).

All of these conditions are met here. Guiher sued the employee in the first case, and the employer in the latter case. An employee/employer relationship is sufficient to establish privity. *Lubrizol Corp. v. Exxon Corp.*, 871 F. 2d 1279, 1288 (5th Cir. 1989). A final judgment on the merits was rendered by a court of competent jurisdiction, and the salient issue was the negligence of Ron Newcomb, Custom Woodworks employee.

Vicarious Liability:

The gravamen of Guiher's Complaint is Custom Woodworks vicariously liable for the alleged negligence of Ron Newcomb committed within the course and scope of his employment. Under Mississippi law an action against an employer based on the doctrine of respondeat superior is a derivative claim arising solely out of the negligent conduct of the employee within the scope of his or her employment. *J&J Timber Co., v. Broom*, 932 So.2d 1, 6 (¶19) (Miss. 2006). Thus, if the employee is released or otherwise held not negligent, the vicarious liability claim is extinguished. *Id*. (¶21). As Custom Woodworks points out, both this Court and the appellate court have concluded that Ron Newcomb was not negligent as a matter of law. Therefore, Guiher's derivitive vicarious liability claim against Custom Woodworks has been

extinguished.  *See Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1174-75 (5th Cir. 1992) (citing, *inter alia*, W. Prosser & R. Keeton, The Law of Torts § 69, at 449 n. 3 (5th ed. 1984) ("a judgment for A in an action brought against him by C is res judicata as to B's vicarious liability to C")).  Accordingly, Custom Woodworks is entitled to summary judgment in its favor.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [8] filed by the Defendant, Custom Woodworks, Inc., is **GRANTED**.  Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2009.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE